## GILKA *et al. v.* MIHALOVITCH *et al.*

### (*Circuit Court, S. D. Ohio, W. D.* May 14, 1892.)

#### No. 4,479.

INFRINGEMENT OF TRADE-MARKS—ACCOUNT OF PROFITS—NOTICE—LACHES.

In a suit to restrain the infringement of plaintiffs' mixture trade-mark, "Gilka-Kummel," and for an account of profits, defendants filed a plea alleging that they and their predecessors had used the trade-mark for 20 years without knowledge of plaintiffs' right, and without intent to injure them, and that immediately on learning of such right they had desisted from such use. The only circumstance relied on to show notice to plaintiffs of the illegal use, and consequent laches in demanding an account, was the fact that they had an agency for the sale of the mixture in New York city, 800 miles distant from defendants' place of business. *Held*, that the plea presented no sufficient defense.

In Equity. Bill by Hermann Gilka and others against Morris Mihalovitch and others. Plea of defendants overruled.

*Matthews & Cleveland* and *Smith & Harlan*, for complainants.

*Goss & Cohen* and *Alfred Mack*, for defendants.

SAGE, District Judge. The bill is to restrain the infringement of the complainants' trade-mark, under which a mixture or cordial, long known as "Gilka-Kummel," is and has been for many years advertised and sold by the complainants and by their predecessor in business. There is a prayer for an account of the profits made by the defendants by the manufacture and sale of an imitation cordial, under the name of "Gilka-Kummel," and with the use of the complainants' trade-mark. The defendants filed a plea setting up that they have continuously engaged in the business of manufacturing, bottling, and selling cordials and other liquors for the past 15 years; and that two of them, who were the predecessors of the present defendant firm, were engaged in such business for upwards of 5 years continuously, prior to such time; and that during the entire 20 years there were manufactured and sold, in the open market and in the business and trade of the defendants, and of the complainants, bottles, labels, packages, and other signs and devices similar to those set forth and described in the bill. Admitting that, in common with others in their trade and business, they have in the past, and up to the date hereinafter mentioned, manufactured and sold, upon the order of customers,

cordials put up in such bottles, and with such labels, which they purchased in the open market, they say that such use was without knowledge of any special or exclusive right to such labels and bottles as is now claimed by the complainants, and without any intention or design of infringing upon or injuring any special or exclusive right complainants have to the use of the same. They further plead that upon learning, in July, 1891, that complainants claimed the exclusive right aforesaid, they at once desisted from using in any way in their business either the bottles or labels described in the bill, and have not since then manufactured or sold, or offered for sale, any Kummel in any such bottles or with any such labels; that they have none such in their possession, custody, or control; and that they have no desire or intention of manufacturing, selling, or offering for sale any cordial in such bottles, with such labels or other devices.

The complainants have set down the plea for argument, and ask the judgment of the court on its sufficiency.

The plea must be overruled. While it is a well-settled rule that courts of equity should decline to assist one who has slept upon his rights, and shows no excuse for his laches in asserting them, there is nothing in the plea to make the rule applicable here. The complainants' right and title to the trade-mark is not denied, and it is not alleged that they had any knowledge of the infringement by the defendants. It is true that it appears from the bill that the complainants have been represented by A. Stepeani & Co., of the city of New York, their sole and exclusive agents for the United States, with the exception of the state of California. But the inference sought to be drawn from the fact that the complainants had the means of knowledge of what the defendants were doing, and therefore were chargeable as if they had had actual knowledge, does not follow. The complainant cannot lie by for a long time before filing his bill, not only for an injunction, but for profits, without being guilty of laches, as was held in *Beard* v. *Turner*, 13 Law T. R. (N. S.) 747. There the plaintiff, having actual knowledge, waited two years before filing his bill, and the vice chancellor said he apprehended that the court would make the objection that he should have come into court at once, for the reason that he asks for an account of the profits, and because a complainant might conclude that it would answer his purpose to let the defendant go on selling four or five years, and at the end of that time call him to an account of profits as if he were the complainant's salesman. It was held in the same case that it would be a fraud to allow complainant to avail himself of delay to obtain benefit for himself, and therefore the court could not give a person an opportunity of lying by, and then asking for an account of the profits made by an injury committed. The cases in which the rule is applied are cases in which the complainant was guilty of laches similar to that stated in *Beard* v. *Turner*. But here the only circumstance relied upon to charge the plaintiffs with constructive notice is that they were represented by agents located at the city of New York, nearly 800 miles distant from the defendants' place of business. The defendants have been confessedly conducting all these

years a spurious business, manufacturing and selling imitation goods, and using labels that they must have known were calculated to deceive and defraud. They are hardly in position to come into court and assert equities growing out of that business against the manufacturers of the genuine article, whose trade-mark they have been infringing. It is not a case of innocent use with complainants' knowledge and acquiescence, nor is it a case where it is shown that the complainant had sufficient knowledge to lead him to the fact, and therefore should be deemed conversant. Regarded in any and every point of view, the plea is insufficient.

The defendants will be allowed 20 days within which to present an answer and apply for leave to file the same.